IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-cv-02215-LTB-KLM

CHARLES MASON,

      Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY,

      Defendant.

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

      The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

      1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

      2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.    "CONFIDENTIAL" information covered under the terms of this protective order shall include documents, materials and/or information produced by either Charles Mason

("Plaintiff") or Sprint/United Management Company ("Defendant"), or any of Defendant's agents or representatives, when designated as "CONFIDENTIAL" as provided herein, that include proprietary and/or confidential information not publicly available, which implicate a privilege or legitimate privacy interest.

As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) *persons regularly employed* or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

7. The parties have entered into a Non-Waiver Clawback Agreement related to the inadvertent or unintentional disclosure by the producing party of confidential and/or privileged information. A copy of the Non-Waiver Clawback Agreement is attached as **Exhibit A** and is incorporated herein by reference.

8. All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~file~~ make an appropriate motion pursuant to MT Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days after the aforementioned written notice. If such motion is timely ~~filed~~ made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any request to restrict access based on this Protective Order.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 1st day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

4

STIPULATED TO AND APPROVED AS TO FORM this 31st day of July, 2012.

| | |
|---|---|
| s/ *Jeremy Cave* | s/ *Christina J. Valerio* |
| Jeremy Cave | Colleen M. Rea |
| C. Jaye Mills | Christina J. Valerio |
| CAVE & MILLS INC. | JACKSON LEWIS LLP |
| 13791 E. Rice Place | 950 17th Street, Suite 2600 |
| Aurora, CO 80015 | Denver, Colorado 80202 |
| Telephone: (303) 719-4867 | Telephone: (303) 892-0404 |
| jcave@caveandmills.com | Facsimile: (303) 892-5575 |
| cjm@caveandmills.com | Colleen.Rea@jacksonlewis.com |
| | Christina.Valerio@jacksonlewis.com |
| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANT* |

5